IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. JONES : <br> : <br> Plaintiff : <br> : <br> v. : <br> : CIVIL ACTION NO.: <br> KRAPF'S COACHES, INC. d/b/a ROVER : <br> COMMUNITY TRANSPORTATION : <br> : JURY TRIAL DEMANDED <br> Defendants : | |

## COMPLAINT

Plaintiff, Thomas E. Jones, by and through his undersigned counsel, the Law Offices of John A. Gallagher, P.C., files this Complaint against defendant, Krapf's Coaches, Inc. d/b/a ROVER Community Transportation ("Krapf's") and in support thereof avers as follows:

### PARTIES

1. Plaintiff, Mr. Thomas E. Jones, is an adult individual, United States citizen and resident of the Commonwealth of Pennsylvania who currently resides at 1543 Overhill Rd., West Chester, PA 19382.

2. Defendant Krapf's Coaches, Inc. d/b/a ROVER Community Transportation is a corporation duly authorized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business at 495 Thomas Jones Way, Suite 304, Exton, PA 19341.

3. Defendant has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

4. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

## JURISDICTION AND VENUE

5. The amount in controversy in this matter is in excess of the arbitration limits of this Court.

6. The Court has jurisdiction over this matter by its authority to hear cases arising under the laws of the United States, pursuant to 28 U.S.C. §1331. This civil action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of his rights under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").

7. The Court has jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. §1367(a), as such claims are closely related to the claims in the action within the Court's original jurisdiction.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania.

## FACTS

**A.    The Failure to Pay Mr. Jones Overtime**

9.    Krapf's ROVER division ("ROVER") is a "[Chester] County-wide transportation service partially funded by the Pennsylvania State Lottery and the Commissioners of Chester County."[1]

---

[1] http://www.krapfbus.com/rover

2

10. As a driver for ROVER, Mr. Jones transported Chester County residents, primarily senior citizens and disabled individuals, to medical appointments, religious services, club meetings, grocery stores, and other destinations within Chester County.

11. Upon information and belief, ROVER employed over ninety individuals working as shuttle bus drivers at any one time between 2007 and October 2009.

12. Mr. Jones was employed as a shuttle bus driver for ROVER beginning on April 6, 2004 and ending on October 5, 2009.

13. Mr. Jones's pay rate from 2007 to his termination in 2009 rose from $12.00 per hour to $13.40 per hour.

14. Mr. Jones regularly worked more than forty hours per week at ROVER.

15. Throughout the length of his employment at ROVER, Mr. Jones never received overtime wages, defined as wages in an amount equal to one and a half times his regular hourly rate, for hours worked over forty hours per week.

16. For every hour beyond forty hours per week worked, Mr. Jones only received his regular hourly rate.

17. Krapf's willfully denied Mr. Jones the overtime wages to which he was entitled for every hour over forty worked per week, in direct violation of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.

**B.     Mr. Jones's Unlawful Termination under 18 Pa. C.S. § 9125(b)**

18. When Mr. Jones filled out his employment application for Krapf's in or around 2004, he truthfully answered that he had not been convicted of any felonies within the previous seven years.

19. Mr. Jones has two felony convictions on his record, one for aggravated assault from April 1980, to which he plead guilty, served two years probation, and paid a fine, and one for possession of narcotics from November 1970, for which he served approximately three years in a correctional facility.

20. Mr. Jones has not been convicted of any misdemeanors or felonies since his most recent conviction in 1980.

21. Upon information and belief, Krapf's performed a criminal background search upon the commencement of his employment in 2004.

22. In July 2008, Krapf's required all of their ROVER shuttle bus drivers to undergo Federal Bureau of Investigation ("F.B.I.") background searches, using a fingerprint search, allegedly because it was required to by law.

23. After Krapf's received Mr. Jones's F.B.I. report, Krapf's management informed Mr. Jones that he was being terminated because his "background check d[id] not meet the Company's requirements."

24. Upon information and belief, Krapf's required all of its ROVER drivers to complete the background checks, regardless of their employment history.

25. Mr. Jones was not given any other reason for his termination.

26. Mr. Jones was given a copy of the background check upon which Krapf's made the decision to terminate him.

27. The most recent felony conviction on Mr. Jones's record was 29 years prior to the date of Mr. Jones's termination.

28. The next most recent felony conviction on Mr. Jones's record was almost 39 years prior to the date of his termination.

29. Upon information and belief, Krapf's required all of its ROVER drivers to complete the background checks in order to comply with the requirements of Act 114 of 2006, 24 P.S. § 1-111, ("Act 114") a Pennsylvania law requiring fingerprinting and background checks on prospective employees of all public and private schools.

30. Act 114 and the regulations implementing it, 22 Pa. Code Ch. 8, only prohibit the employment of individuals whose convictions of specifically delineated crimes occurred less than five years prior to the application for employment.

31. Mr. Jones has never had any customer or employee complaints made against him to Krapf's, including complaints of violent behavior or drug use.

32. A Pennsylvania statute codified at 18 Pa. C.S. § 9125(b) states that "Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the positions for which he has applied."

### COUNT I – THOMAS E. JONES V. KRAPF'S COACHES, INC. D/B/A ROVER COMMUNITY TRANSPORTATION ("KRAPF'S")
**Violation of the Fair Labor Standards Act**

18. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

19. Mr. Jones was a non-exempt employee who was entitled to overtime payments during the entire period that he was employed by KRAPF'S.

20. Mr. Jones did not receive overtime payment for such overtime hours.

21. KRAPF'S knew or should have known that it was required to pay overtime to Mr. Jones.

22. Mr. Jones is entitled to receive payment equal to one and one-half his rate for every hour worked beyond forty hours per week, going back three years in time from the date of this filing, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the FLSA.

WHEREFORE, Plaintiff, Mr. Thomas E. Jones, hereby demands judgment in his favor and against Defendant, Krapf's Coaches, Inc. d/b/a Rover Community Transportation ("Krapf's"), in a sufficient amount to fully compensate him for his losses, along with attorney fees, liquidated damages, costs and such other relief as the Court deems just and appropriate.

## COUNT II
## THOMAS E. JONES v. KRAPF'S COACHES, INC. D/B/A ROVER COMMUNITY TRANSPORTATION
## VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT

23. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

24. Mr. Jones was a non-exempt employee who was entitled to overtime payments during the entire period that he was employed by Krapf's.

25. Mr. Jones did not receive overtime payment for such overtime hours, and Krapf's is therefore liable to him for same.

26. Moreover, Defendant Krapf's knew or should have known that it was required to pay overtime to Mr. Jones.

27. Mr. Jones is entitled to receive payment equal to one and one-half his rate for every hour worked beyond forty hours per week, going back three years in time from the date of this filing, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the Pennsylvania Minimum Wage Act, 43 P.S. § 336.1, *et seq*.

WHEREFORE, Plaintiff, Thomas E. Jones, hereby demands judgment in his favor and against Defendant, Krapf's Coaches, Inc. d/b/a Rover Community Transportation, in a sufficient amount to fully compensate him for his losses, along with attorney's fees, punitive/liquidated damages, interest, costs and such other relief as the Court deems just and appropriate.

## COUNT III
## THOMAS E. JONES v. KRAPF'S COACHES, INC. D/B/A ROVER COMMUNITY TRANSPORTATION
## WRONGFUL DISCHARGE IN VIOLATION OF 18 Pa. C.S. § 9125

28. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

29. Krapf's decision to terminate Mr. Jones's employment was not reasonably related to Mr. Jones's suitability for the position he had worked in for five years.

30. Krapf's decision to terminate Mr. Jones's employment was not required by local, state, or federal law.

31. Krapf's decision to terminate Mr. Jones's employment was not reasonably motivated by Act 114, as Mr. Jones had not had any misdemeanor or felony convictions in the preceding 28 years.

32. Krapf's decision to terminate Mr. Jones's employment was in contravention of the established Pennsylvania public policy "to avoid unwarranted stigmatization of and unreasonable restrictions upon former offenders."[2]

33. Mr. Jones has a right to bring an action for damages for wrongful discharge based on the public policy enumerated above.

---

[2] Secy. of Revenue v. John's Vending Corp., 453 Pa. 488, 309 A.2d 358 (1973).

34. In the alternative, Mr. Jones has a right to bring an action for damages under 18 Pa. C.S. § 9183.

WHEREFORE, Plaintiff, Thomas E. Jones, hereby demands judgment in his favor and against Defendant, Krapf's Coaches, Inc. d/b/a Rover Community Transportation, in a sufficient amount to fully compensate him for his losses, along with attorney's fees, punitive/liquidated damages, interest, costs and such other relief as the Court deems just and appropriate.

>                            LAW OFFICES OF JOHN A. GALLAGHER, P.C.
>
> BY: _____
>     Jennifer J. Hanlin, Esquire
>     Atty. I.D. 201542
>     Counsel for Plaintiff
>     171 W. Lancaster Ave., Ste. 100
>     Paoli, PA 19301
>     tel:   610.647.5027
>     fax:   610.647.5024
>     jjh@johnagallagher.com